**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOSE ARMANDO CRUZ-GUTIERREZ,**

      **Petitioner,**

**v.**                                          **Civil Action No. 1:18cv155**
                                                     **(Judge Kleeh)**

**JOE COAKLEY,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 13, 2018, the *pro se* Petitioner, Jose Armando Cruz-Gutierrez, an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed as a pauper and a copy of his Prisoner Trust Fund Account Report ("PTAR"). ECF Nos. 1, 2, 3. On August 20, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the $5.00 filing fee. ECF No. 6.  On October 22, 2018, an Order was entered, directing Petitioner to show cause why his case should not be dismissed for failure to prosecute for his failure to pay the filing fee.  ECF No. 8. On November 8, 2018, Petitioner paid the requisite fee. ECF No. 10.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 11.

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on January 3, 2019. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited February 20, 2019). On January 7, 2019, Petitioner filed a notice of change of address, indicating that he is now residing in Los Angeles, California.  See ECF No. 12.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On August 7, 2014, in the United States District Court for the Central District of California, Petitioner pled guilty to one count of Illegal Alien Found in United States After Deportation or Removal, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2).  On October 23, 2014, the district court sentenced Petitioner to a 57-month term of imprisonment, and a three-year term of supervised release. ECF No. 35. Petitioner did not file an appeal.

On August 6, 2015, Petitioner filed a motion for abeyance for a 28 U.S.C. § 2255 petition or an extension of time to file a § 2255 motion. ECF No. 38.  The government was directed to respond.  By Order entered October 22, 2015, the motion for abeyance to file a § 2255 petition was denied as meritless.  ECF No. 50.

### A. The Petition

In his petition, Cruz-Gutierrez challenges a prison disciplinary proceeding, contending that his Unit Disciplinary Committee ("UDC") hearing was not conducted within 5 working days of the issuance of an Incident Report, as required by BOP P.S. 5270.09.  ECF No. 1 at 5 – 6.

As relief, he seeks to have the Incident Report expunged and all imposed sanctions rescinded, including the restoration of 41 days of Good Conduct Time ("GCT").  Id. at 11. Further, he seeks a declaratory judgment stating that the Disciplinary Hearing Officer's ("DHO") report

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the Central District of California, No. 5:4cr68-1, available on PACER. Unless otherwise noted, the ECF referrals are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

finding him guilty of a Code 113 prohibited act[3] was unlawful, and lacked subject matter jurisdiction, because the Advisement of Incident Report Delay was not timely signed. Id. at 11.

## IV. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner seeks to have his Incident Report expunged and his sanctions rescinded, including the restoration of 41 days of Good Conduct Time ("GCT") and a declaratory judgment issued regarding his disciplinary violation.  On January 3, 2019, Petitioner was released from BOP custody.  Because Petitioner's release from the BOP has mooted his claims, there is no further relief which this Court can grant, and this case should be dismissed.

## V. Recommendation

---

[3] A Prohibited Act Code 113 violation is possession of narcotics. On May 19, 2017, during a random pat search, Petitioner was found with 15 strips of paper that tested positive for suboxone, and 4 tablets that tested positive for heroin.  See Incident Report, ECF No. 1 at 7.

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 23, 2019

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE